UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>PEDRO ALVAREZ-SANCHEZ,<br><br>Defendant(s). | 2:12-CR-168 JCM (PAL) |

**ORDER**

Presently before the court is petitioner Pedro Alvarez-Shanchez's motion to vacate pursuant to 28 U.S.C. section 2255. (Doc. # 50). In response, the government filed a motion to dismiss the section 2255 motion. (Doc. # 54).

On April 17, 2013, following a guilty plea, the court sentenced petitioner to fifty-six months in custody on one count of illegal reentry by a deported alien in violation of 8 U.S.C. section 1326. (Docs. ## 41 & 42). Petitioner timely filed an appeal to the Ninth Circuit on April 25, 2013. On December 30, 2013, the Ninth Circuit affirmed petitioner's sentence in a memorandum disposition. (Doc. # 53).

All but one of the arguments raised in petitioner's motion are identical to those raised in his direct appeal, and are therefore not reviewable by this court. *See United States* v. *Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) ("When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition.").

**James C. Mahan**
**U.S. District Judge**

In addition to reiterating the arguments made in his direct appeal, petitioner asserts that the court should have applied a downward departure due to petitioner's status as an illegal alien. Petitioner observes that United States citizens are often allowed to serve part of a custodial term in a residential reentry center. He argues that because his status as an illegal alien renders him ineligible for a residential reentry center, the Equal Protection Clause requires that his sentence be reduced. However, the Ninth Circuit has expressly held that illegal aliens convicted of violating 8 U.S.C. 1326(a), such as petitioner, may not receive a downward departure on the basis of their illegal status. *See United States v. Martinez-Ramos*, 184 F.3d 1055, 1058 (9th Cir. 1999). Therefore, petitioner's motion to vacate will be denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petitioner's motion to vacate pursuant to 28 U.S.C. section 2255 (doc. # 50) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the government's motion to dismiss (doc. # 54) is GRANTED.

IT IS FURTHER ORDERED that the government's motion to stay (doc. # 52) is DENIED as moot.

IT IS FURTHER ORDERED that petitioner's motion for a time reduction pursuant to 28 U.S.C. section 2255 (doc. # 58) is DENIED.

DATED May 13, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**